**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| ANTWAN SPARKS, | : | |
| | : | |
| PLAINTIFF, | : | CASE NO. 1:16-cv-00841 |
| | : | |
| v. | : | |
| | : | JUDGE TIMOTHY BLACK |
| CITY OF MT. HEALTHY, | : | |
| | : | |
| DEFENDANT. | : | |

---

**ANSWER OF DEFENDANT, CITY OF MT. HEALTHY,**
**TO PLAINTIFF'S COMPLAINT**

---

Comes now, Defendant, City of Mt. Healthy, by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

1. This Defendant admits Antwan Sparks worked as an African American part-time police officer for the City of Mt. Healthy and was a member of the local Fraternal Order of Police during such time, but denies all remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. This Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3. This Defendant admits Antwan Sparks filed a Charge of Discrimination based upon race and disability discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") in May of 2015 and another Charge of Discrimination based upon retaliation discrimination in October of 2015, but denies all remaining allegations in paragraph 3 of Plaintiff's Complaint.

1

4. This Defendant admits Antwan Sparks is an African American who worked as a part-time police officer for the City of Mt. Healthy, but denies the remaining allegation in paragraph 4 of Plaintiff's Complaint.

5. This Defendant admits the City of Mt. Healthy is an employer, but denies the remaining allegation in paragraph 5 of Plaintiff's Complaint.

6. This Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint for want of knowledge.

7. This Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint for want of knowledge.

8. This Defendant admits Antwan Sparks was hired by the City of Mt. Healthy as an auxiliary police officer on January 13, 2014 and worked as a part-time police officer for the City of Mt. Healthy, but denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9. This Defendant admits the City of Mt. Healthy requires successful completion of a probationary period, but denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10. This Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. This Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint for want of knowledge.

12. This Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. This Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14. This Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. This Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. This Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. This Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint for want of knowledge.

18. This Defendant admits Antwan Sparks reported feeling pain in his lower back after securing an individual who resisted arrest on or about June 30, 2014 for which he filed a worker's compensation claim. This Defendant admits Antwan Sparks was placed on light duty status in July of 2014 and that on or about April 22, 2015, Antwan Sparks was able to return to work without restrictions, but denies the remaining allegations in paragraph 18 of Plaintiff's Complaint for want of knowledge.

19. This Defendant admits Antwan Sparks was placed on light duty status in July of 2014, but denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20. This Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint for want of knowledge.

21. This Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint for want of knowledge.

22. This Defendant admits that on or about April 22, 2015, Antwan Sparks was able to return to work without restrictions, but denies the remaining allegations in paragraph 22 of Plaintiff's Complaint.

23. This Defendant admits Antwan Sparks reported injury to his right wrist when dealing with a restrained individual struggling to free himself from a cot in an ambulance on or about September 24, 2015, for which he filed a worker's compensation claim. This Defendant admits it received a note on or about October 5, 2015, indicating Antwan

Sparks "may return to work with restriction of no lifting over 2 lbs right arm." This Defendant denies the remaining allegations in paragraph 23 of Plaintiff's Complaint.

24. This Defendant admits Antwan Sparks completed a field training program, but denies the remaining allegations in paragraph 24 of Plaintiff's Complaint.

25. This Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. This Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. This Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. This Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. This Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. This Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. This Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. This Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. This Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. This Defendant admits Antwan Sparks filed multiple grievances in 2015 including two grievances filed on or about March 28, 2015, but denies the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35. This Defendant admits that on or about April 8, 2015, Chief Vincent Demasi denied two grievances which had been filed by Antwan Sparks, but deny all remaining allegations in paragraph 35 of Plaintiff's Complaint.

36. This Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. This Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. This Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint for want of knowledge.

39. This Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. This Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. This Defendant admits Antwan Sparks did not successfully complete his probation period, but denies all remaining allegations in paragraph 41 of Plaintiff's Complaint.

42. This Defendant admits Antwan Sparks filed multiple grievances on or about March 28, 2015, and made at least one complaint to the Mt. Healthy City Manager, but denies all remaining allegations in paragraph 42 of Plaintiff's Complaint.

43. This Defendant admits Antwan Sparks filed a grievance on or about March 9, 2015, but denies all remaining allegations in paragraph 43 of Plaintiff's Complaint.

44. This Defendant admits Antwan Sparks emailed City Manager Bill Kocher on or about March 30, 2015, requesting a meeting, but denies all remaining allegations in paragraph 44 of Plaintiff's Complaint.

45. This Defendant admits Antwan Sparks provided a complaint to City Manager Bill Kocher, but denies all remaining allegations in paragraph 45 of Plaintiff's Complaint.

46. This Defendant admits that City Manager Bill Kocher met with Antwan Sparks and Mark Scranton to discuss a complaint submitted by Sparks, but denies all remaining allegations in paragraph 46 of Plaintiff's Complaint.

47. This Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. This Defendant admits Antwan Sparks filed a grievance on or about May 14, 2015, but denies all remaining allegations in paragraph 48 of Plaintiff's Complaint.

49. This Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint for want of knowledge.

50. This Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. This Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. This Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. This Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. This Defendant admits Antwan Sparks did not successfully complete his probationary period, but denies all remaining allegations in paragraph 54 of Plaintiff's Complaint.

55. This Defendant admits Antwan Sparks did not successfully complete his probationary period, but denies all remaining allegations in paragraph 55 of Plaintiff's Complaint.

56. This Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

57. This Defendant admits Antwan Sparks did not successfully complete his probationary period, but denies all remaining allegations in paragraph 57 of Plaintiff's Complaint.

58. This Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. This Defendant admits Antwan Sparks' employment as a part-time police officer for the City of Mt. Healthy ended on October 21, 2015, but denies all remaining allegations in paragraph 59 of Plaintiff's Complaint.

60. This Defendant denies the allegations in paragraph 60 of Plaintiff's Complaint for want of knowledge.

61. This Defendant admits Antwan Sparks is not employed at the City of Mt. Healthy as of the filing date of this Answer, but denies all remaining allegations in paragraph 61 of Plaintiff's Complaint for want of knowledge.

62. This Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63. This Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64. This Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65. This Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

66. This Defendant denies the allegations in paragraph 66 of Plaintiff's Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

67. This Defendant denies the allegations in paragraph 67 of Plaintiff's Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

68. This Defendant denies the allegations in paragraph 68 of Plaintiff's Complaint.

69. Further answering, this Defendant denies each and every allegation in Plaintiff's Complaint save such as are herein specifically admitted to be true.

## SECOND DEFENSE

70. For its second and further defense herein, this Defendant states that the Complaint of Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

71. For its third and further defense herein, this Defendant incorporates its responses as above set forth and further states that it is entitled to all the immunities, defenses, limitations on damages and setoffs contained within Chapter 2744 of the Ohio Revised Code and within the Workers' Compensation statutes of the State of Ohio.

## FOURTH DEFENSE

72. For its fourth and further defense herein, this Defendant incorporates its responses as above set forth and further states that all or part of Plaintiff's claims are barred by the applicable statute of limitations, collateral estoppel, res judicata, issue preclusion, claim preclusion, waiver, estoppel, failure of consideration, and/or laches.

## FIFTH DEFENSE

73. For its fifth and further defense herein, this Defendant incorporates its responses as above set forth and further states that it is entitled to all the defenses and caps on damages contained within Title VII and Ohio law.

## SIXTH DEFENSE

74. For its sixth and further defense herein, this Defendant incorporates its responses as above set forth and further states that plaintiff has failed to exhaust her administrative remedies and has failed to comply with the requirements of Title VII of the Civil Rights Act of 1964, as amended, prior to bringing suit. As a result, Plaintiff's claims against this Defendant are barred.

## SEVENTH DEFENSE

75. For its seventh and further defense herein, this Defendant incorporates its responses as above set forth and further states that Plaintiff has failed to bring suit within the statute of limitations and is thereby barred from any recovery in this action.

## EIGHTH DEFENSE

76. For its eighth and further defense herein, this Defendant incorporates its responses as above set forth and further states that Plaintiff has failed to mitigate his damages.

## NINTH DEFENSE

77. For its ninth and further defense herein, this Defendant incorporates its responses as above set forth and further states it is entitled to absolute or qualified immunity with respect to the claims set forth in Plaintiff's Complaint.

8

**TENTH DEFENSE**

78. For its tenth and further defense herein, this Defendant incorporates its responses as above set forth and further states if Plaintiff suffered damages as alleged in the Complaint, which is specifically denied, such damages were proximately caused or contributed to by Plaintiff's own negligence, intentional acts, assumption of the risk, and/or the intervening actions of some third party over which this Defendant had no control thereby barring Plaintiff from any recovery against this Defendant.

**ELEVENTH DEFENSE**

79. For its eleventh and further defense herein, this Defendant gives notice that it intends to assert and rely upon all affirmative defenses, immunities, avoidances, counter-claims, cross claims and third party claims which become available or apparent during the course of discovery or trial, and it hereby reserves the right to amend this Answer to assert such defenses.

**TWELFTH DEFENSE**

80. For its twelfth and further defense herein, this Defendant incorporates its responses as above set forth and further states that it is immune from the imposition of punitive damages pursuant to both state and federal law.

**THIRTEENTH DEFENSE**

81. For its thirteenth and further defense herein, this Defendant incorporates its responses as above set forth and further states that it exercised reasonable care to prevent and correct any harassing or discriminatory behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to avoid harm otherwise.

## FOURTEENTH DEFENSE

82. For its fourteenth and further defense herein, this Defendant incorporates its responses as above set forth and further states that at all times pertinent it acted reasonably, in good faith, and totally without actual or implied malice and upon the advice of counsel.

## FIFTEENTH DEFENSE

83. For its fifteenth and further defense herein, this Defendant incorporates its responses as above set forth and further states that at all times pertinent it had legitimate, non-discriminatory reasons for any actions which were taken with respect to Plaintiff.

## SIXTEENTH DEFENSE

84. For its sixteenth and further defense herein, this Defendant incorporates its responses as above set forth and further that this Court lacks subject matter jurisdiction over all or some of the claims set forth in the Complaint because this Defendant did not deprive Plaintiff of any constitutional rights and further because this Defendant is protected by the Tenth and Eleventh Amendments of the United States Constitution with respect to the claims set forth in plaintiff's complaint.

## SEVENTEENTH DEFENSE

85. For its seventeenth and further defense herein, this Defendant incorporates its responses as above set forth and further that this Court lacks subject matter jurisdiction over all or some of the claims set forth in the Complaint as Plaintiff failed to timely file this action within the required ninety (90) days of receipt of the EEOC Dismissal and Notice of Rights letter.

WHEREFORE, having fully answered, Defendant, City of Mt. Healthy, prays that the

Complaint of Plaintiff be dismissed at her costs and that she take nothing thereby.

Respectfully submitted,

*/s/ Scott A. Sollmann*
Lawrence E. Barbiere (0027106)
Scott A. Sollmann (0081467)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road, Suite 200
Mason, OH 45040
(513) 583- 4210
(513) 583-4203 Fax
Email: lbarbiere@smbplaw.com
          ssollmann@smbplaw.com
*Attorneys for City of Mt. Healthy*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2016, a true and correct copy of the foregoing was filed using the Clerk of Court's CM/ECF filing system which will send notification of such filing to all counsel of record.

*s/ Scott A. Sollmann*
Scott A. Sollmann